## ST. LOUIS & S. F. R. CO. v. BLY.

No. 4956—Opinion Filed Jan. 2, 1917.

(162 Pac. 202.)

**Appeal and Error—Judgment of Affirmance —Finality.**

A judgment of the Supreme Court affirming the judgment of the trial court when no petition for rehearing is granted becomes a finality on the day of its rendition.

(Syllabus by Higgins, C.)

Error from County Court, Kiowa County; J. W. Mansell, Judge.

Action by G. W. Bly against the St. Louis & San Francisco Railway Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and W. T. Stratton, for plaintiff in error.

O. B. Reigel, for defendant in error.

Opinion by HIGGINS, C. The parties to this action will be designated as they were in the trial court.

The town of Snyder was located in Swanson county. Prior to the organization of Swanson county the town of Snyder was situated in Kiowa county. After the rendition of an opinion by this court affirming the judgment of the trial court in dissolving Swanson county, and prior to the dismissal of the application for a rehearing, an appeal was taken by defendant from a judgment of the justice of the peace court at Snyder to the county court of Kiowa county. A motion was filed by plaintiff to dismiss the appeal for the reason that it should have been taken to the county court of Swanson county, and not to the county court of Kiowa county. The appeal was dismissed by the county court, from which order of dismissal an appeal was taken to this court.

So the only question at issue is: When did the judgment of this court become final in affirming the judgment of the trial court dissolving the organization of Swanson county? Was the judgment final on the day of its rendition, or did it become final on the day the application for a rehearing was denied? If it became final on the day of its rendition, then this appeal is taken to the proper county; but, if it became final on the day the application for a rehearing was denied, then the appeal should have been taken to Swanson county.

Ruling Case Law, under Appeal and Error, vol. 2, sec. 148, states:

"The filing of a motion for leave to present a petition for rehearing, or even the granting of said leave, does not affect or annul the judgment, and a denial of a rehearing will leave the judgment in full force as of the time of the rendition."

We are therefore of the opinion that, when a judgment of a trial court has been by this court affirmed, and afterwards, on the filing of an application therefor, a rehearing was not granted, but denied, the judgment became final on the day of its rendition by this court.

We therefore recommend that this cause be reversed and remanded, and the trial court be directed to set aside the order heretofore made dismissing the appeal, and to reinstate the same upon its docket.

By the Court: It is so ordered